IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY RAY WELCH, JR., #295115, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:17-CV-744-WHA ) |
| EDWARD ELLINGTON, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Johnny Ray Welch, Jr. initiated this 42 U.S.C. § 1983 action challenging actions which occurred during his incarceration at the Draper Correctional Facility. Upon review of the complaint, the court directed Welch to file an amendment to his complaint. The Clerk mailed a copy of this order to Welch at the last address he provided for service.[1] The postal service returned this order as undeliverable.

Based on the returned mail, the court entered an order requiring Welch to inform the court of his current address on or before January 18, 2019. Doc. 6. The order specifically advised Welch that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply would result in the dismissal of this case. Doc. 6. As of the present day, the court has received no response from Welch to the aforementioned order nor has he provided the court with his current address as is necessary

---

[1] The last address provided to the court by the plaintiff is the Bibb Correctional Facility. A review of the inmate locator maintained by the Alabama Department of Corrections, hosted at www.doc.state.al.us./InmateSearch, indicates that Johnny Ray Welch, Jr.(AIS #295115) is no longer incarcerated in the state prison system.

to proceed before this court. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Unv. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. The administration of this case cannot properly proceed in Welch's absence. It likewise appears that since his release from the state prison system Welch is no longer interested in the prosecution of this case as he has not contacted the court. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice as the administration of this case cannot proceed in the plaintiff's absence.

On or before **February 19, 2019**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered

in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 4th day of February, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge